UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
SEP 30 2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID DONAT and BARBARA DONAT, | * * * * | CIV 13-5052 |
| Plaintiffs, | * * | |
| vs. | * * | ORDER |
| TREK BICYCLE CORPORATION, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has have moved to strike that portion of the damages claimed by Barbara Donat where she had a loss of breast milk from the stress resulting from David Donat's bicycle injury. Plaintiffs have provided Barbara Donat's redacted medical records but have refused to provide an authorization for release of her medical records. The Defendant then requested that either that portion of the claimed damages be stricken or that the Court tell the Plaintiffs to provide a signed medical authorization as well as unredacted medical records. Defendant also objects to the Court conducting an in camera review on the basis that the Court cannot determine relevancy and that the Defendant should have an expert to look at the unredacted medical records to determine relevancy. Given the nature of the redacted material, the Court does not need any medical expert help to determine questions of relevancy and whether or not any redacted information would lead to discovery of admissible evidence. The Court has never before had such an objection to an in camera review. The objection, if granted, would make the process of in camera review largely meaningless. Instead, South Dakota law is controlling, and SDCL 19-2-3 provides:

> In any action or proceeding or quasi-judicial administrative proceeding, if the physical or mental health of any person is in issue, any privilege under § 19-19-503(b) is waived at trial or for the purpose of discovery under chapter 15-6 if such action or proceeding is civil in nature. However, the waiver of the privilege shall be narrow in scope, closely tailored to the time period or subject matter of the claim. If any party or the holder of the privileged records objects to the discovery of the privileged communication on the grounds that disclosure of the communication would subject

> the party to annoyance, embarrassment, oppression, or undue burden or expense and that the disclosure of the privileged communication is not likely to lead to the discovery of relevant evidence, the court shall conduct an in camera review of the privileged communication to determine whether the communication is discoverable.

The Court has the authority, if expert assistance is necessary, to have an independent expert assist the Court. The Court is competent to also make the decision as to whether expert advice is necessary to assist the Court in its in camera review.

If the Court were to adopt the Defendant's position that expert testimony is necessary to connect the physical injury with loss of breast milk, then this discovery issue would appear to be moot. There is no expert position put forward by the Plaintiff to support that claim. The Court does note in reviewing the medical records that on September 22, 2010, the medical records reported she "Is no longer breast feeding, ran out of milk and is leaking only a little. Has another month before she has to go back to work." That notation, although supporting the Plaintiff's factual claim that she ran out of breast milk, is not an expert opinion but instead the report of a fact contemporaneously recorded in the medical record. Barbara Donat can, as a lay person, testify as to what happened to her. Barbara Donat's deposition reflects the stress that she claims resulting from the accident and the care that she subsequently provided for her injured husband. No expert testimony is required for her to testify as to the stress and likewise no expert opinion is required for her to be able to testify that along with the stress was the early ending of her ability to produce breast milk in this second birth.

With the motion to strike that portion of the damages being denied, the Court will next examine the request for unredacted medical records as well as the request for an authorization for release of Barbara Donat's medical records.

The Court has personally reviewed the redacted medical records and the unredacted medical records which were provided to the Court for in camera inspection. To begin with, the Court is confident that no one is complaining about the date of birth redaction as only the year was left and that is in keeping with D.S.D. Civ. LR 5.2A.3. The other redactions were appropriate redactions and have no relevance to the Plaintiff's claims or any defense to those claims nor would the disclosure of

2

that redacted information be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the request for unredacted medical records is denied.

Finally, the defense requested a medical authorization to allow Trek to obtain Barbara Donat's medical records. The Court agrees with *Klugel v. Clough*, 252 F.R.D. 53, 54 (D.D.C. 2008):

> a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records.

Under controlling South Dakota law it is suggested that the Court conduct an in camera review of the privileged communication to determine whether the communication is discoverable. *DeNeui v. Wellman*, 2008 WL 2787947**2-3 (D.S.D. 2008). Even if the physician-patient privilege is waived, that does not mean that the opposing party is entitled to a medical release so that they can then obtain and review all of the patient's medical records. A controversy over the redacted medical records produced by the Plaintiff can be resolved, as it was here, by an in camera review of the redactions. Even though an in camera review requires an expenditure of some judicial resources, that is a small price to pay for preserving privacy concerning irrelevant and private medical information. The Court has performed that in camera review as explained above. This Court will not require a medical waiver in which the Defendants could review all of a patient's medical records. Any such release could produce large amounts of information that would be highly privileged but irrelevant. Accordingly,

> IT IS ORDERED that Defendant's Motion to Strike Certain Claimed Damages or in the Alternative to Compel Discovery, Doc. 52, is denied.

Dated this 30th day of September, 2015.

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Summa Walhful*
Deputy

3